**Lowell A. GROTTVEIT, Appellant,**

**v.**

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–20.**

United States Court of Veterans Appeals.

May 5, 1993.

Michael P. Horan, Washington, DC, was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Richard Mayerick, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Associate Judges.

NEBEKER, Chief Judge:

Appellant, Lowell A. Grottveit, appeals from a September 19, 1991, Board of Veterans' Appeals (BVA) decision which held that he was not entitled to service connection for quadriplegia secondary to rheumatoid arthritis. The BVA ruled against appellant on the ground that his disability was a result of trauma to the cervical spine resulting from a fall. We hold that, absent competent evidence, the claim failed to state any basis on which an award could be granted and that the BVA and the Regional Office erred in not so deciding the claim.

### Factual Background

Appellant served during the Korean conflict. He is service connected for rheumatoid arthritis, R. at 5, and is currently rated at 70%. R. at 15. A 1979 medical report noted complete fusion of his cervical spine. R. at 11. In 1989, appellant fell from a ladder and fractured his cervical vertebrae, resulting in quadriplegia. R. at 26. The Department of Veterans Affairs (VA) Regional Office (RO) denied appellant's request for service connection for quadriplegia secondary to his service-connected rheumatoid arthritis. R. at 32. He filed a timely Notice of Disagreement with the RO decision, maintaining without supportive medical opinion that his spine's rigidity and weakened state, caused by the rheumatoid arthritis, resulted in his spinal fracture from a fall. R. at 36. His daughter submitted a statement that his rehabilitation from his injury has been hampered by his spinal rheumatoid arthritis and accompanying rigidity of movement. R. at 43. She opines that his current degree of disability is a consequence of his service-connected spinal condition:

Yes, he suffered a fall; no we do not contend that the fall was caused by the arthritis. However, the evidence shows ... without conjecture or speculation that the severity of his pre-existing spinal condition has [affected] his degree of disability and subsequently, his progress in rehabilitation.

*Id.* Despite appellant's daughter's reference to "evidence," the record on appeal is devoid of any medical evidence relating appellant's service-connected spinal rheumatoid arthritis to his quadriplegia. The statement of appellant's representative elaborates the daughter's statement:

Due to the veteran's service connected ankylosed cervical spine his head and neck were bent downward to his chest. When the veteran fell face first into the floor his head was forced backwards which caused the fracture of the cervical spine.

R. at 50. The BVA affirmed the RO's action, treating the claim as well grounded, but noting that "[t]here is simply no medical evidence of record that the fracture of the cervical spine sustained by the veteran with resulting quadriplegia was due to his service-connected rheumatoid arthritis." *Lowell A. Grottveit*, BVA 91–27803, at 3 (Sept. 19, 1991).

### Analysis

 As a threshold matter, one claiming entitlement to VA benefits must qualify as a claimant by submitting evidence of service and character of discharge. *Aguilar v. Derwinski*, 2 Vet.App. 21 (1991). Once qualified, the claimant has the burden of submitting evidence sufficient to justify a belief that the claim is well grounded in order for the RO to carry the claim to full adjudication. 38 U.S.C.A. § 5107(a) (West 1991). "[T]he [VA] benefits system requires more than just an allegation; a claimant must submit supporting evidence. Furthermore, the evidence must justify a belief by a fair and impartial individual that the claim is plausible." *Tirpak v. Derwinski*, 2 Vet.App. 609, 611 (1992). Our determination whether a claim is well grounded is a matter of law. *King v. Brown*, 5 Vet.App. 19, 21 (1993). The quality and quantity of the evidence required to meet

this statutory burden of necessity will depend upon the issue presented by the claim. Where the issue is factual in nature, e.g., whether an incident or injury occurred in service, competent lay testimony, including a veteran's solitary testimony, may constitute sufficient evidence to establish a well-grounded claim under section 5107(a). *See Cartright v. Derwinski*, 2 Vet.App. 24 (1991). However, where the determinative issue involves medical causation or a medical diagnosis, competent medical evidence to the effect that the claim is "plausible" or "possible" is required. *See Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990). A claimant would not meet this burden imposed by section 5107(a) merely by presenting lay testimony because lay persons are not competent to offer medical opinions. *Espiritu v. Derwinski*, 2 Vet.App. 492 (1992). Consequently, lay assertions of medical causation cannot constitute evidence to render a claim well grounded under section 5107(a); if no cognizable evidence is submitted to support a claim, the claim cannot be well grounded. *Tirpak*, 2 Vet.App. at 611. If the claim is not well grounded, the claimant cannot invoke the VA's duty to assist in the development of the claim. *See* 38 U.S.C.A. § 5107(a) (West 1991); *Rabideau v. Derwinski*, 2 Vet.App. 141, 144 (1992).

 Here, appellant's only evidence of a relationship between his service-connected spinal condition and his quadriplegia were his contentions and the statements of his daughter and his representative. However, because he and his daughter testify as lay witnesses, neither their opinions as to medical causation nor the representative's clarification constitutes evidence. Appellant has submitted no cognizable evidence to indicate a relationship between his quadriplegia and his arthritis. Just as the BVA must point to a medical basis other than its own unsubstantiated opinion, *Colvin v. Derwinski*, 1 Vet.App. 171, 175 (1991), appellant cannot meet his initial burden by relying upon his own, his representative's, or his daughter's opinions as to medical matters. *See Clarkson v. Brown*, 4 Vet.App. 565 (1993). Thus, appellant's claim for service connection for quadriplegia secondary to rheumatoid arthritis is, contrary to the BVA's conclusion, not well grounded.

Therefore, in contemplation of law, appellant's claim was not one on which relief could be granted; there was no claim to adjudicate on the merits and the BVA and the RO erred in not initially denying the claim as one which was not well grounded.

### Conclusion

It is necessary to ensure that the Board's decision in this is not deemed a final one. If it were, new and material evidence would be needed for reopening the claim and a readjudication instead of a decision on an original claim would follow. While in this case, competent medical evidence as to the cause of the quadriplegia could be viewed as new and material, the inertia created by a final denial in the calculus for readjudication is quite something else. We conclude that it is more appropriate to recognize the nullity of the prior decisions and allow appellant to begin, if he can, on a clean slate. The decision of the Board is vacated under the authority of 38 U.S.C.A. § 7261(a)(3)(C) (West 1991) and the matter is remanded under the authority of 38 U.S.C.A. § 7252(a) (West 1991) with directions to vacate the RO decision.