**Frank B. SAVAGE, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 94–503.

United States Court of Veterans Appeals.

Nov. 20, 1996.

Before KRAMER, HOLDAWAY, and STEINBERG, Judges.

**ORDER**

PER CURIAM.

The Court's November 15, 1996, order is revoked and this order is issued in its stead. On March 19, 1996, the Court affirmed the Board of Veterans' Appeals decision on appeal. On April 2, 1996, the appellant filed a timely motion for panel review. On June 19, 1996, the Court denied the appellant's motion for review. On July 3, 1996, the Court recalled its judgment, revoked its June 19, 1996, order, and granted the appellant's motion for panel review.

The Court granted the motion for panel review in order to determine what effect the application of 38 C.F.R. § 3.303(b) (1995) may have on the appellant's claims, including the underlying issues of what constitutes continuity of symptomatology and what effect that has on presenting evidence sufficient to well ground or to reopen a claim, as well as subsequently determining entitlement to service connection. On July 9, 1996, the Court ordered the parties to submit legal memoranda addressing a number of issues. After reviewing the parties' responses, the Court believes that further briefing is necessary. In addition, the Court believes that oral argument would materially assist in the disposition of this appeal. Accordingly, it is

ORDERED that each party file, within 30 days after the date of this order, a legal memorandum addressing the following issues:

(1) If the continuity of symptomatology provisions in section 3.303(b) are construed as eliminating the need for medical nexus evidence in certain cases (*see Grottveit v. Brown*, 5 Vet.App. 91, 93 (1993) (generally requiring "competent medical evidence" where "the determinative issue involves medical causation or medical diagnosis")): (a) Must there be a diagnosis of a current chronic disease; (b) what type of evidence is required to show that the condition was noted during service; (c) must continuity of symptomatology be established with evidence that is contemporaneous to the presence of the symptomatology or can it be established by present evidence that references past symptomatology; (d) must the

evidence of continuity of symptomatology be documented in medical records or can it be otherwise documented or presented; (e) must there be medical-opinion evidence that the symptomatology is continuous and that the symptoms showed to have continued are related to the current condition; (f) must there be medical-opinion evidence showing a relationship between the condition noted in service and the postservice symptomatology as to which continuity is asserted; and (g) must there be medical-opinion evidence that the condition noted in service and the current condition constitute the same disease (although not necessarily showing that there is a causal relationship between the two)?

(2) Section 3.303(b) states that continuity of symptomatology is required "to support the claim." Does this language impose a restriction that service connection cannot be awarded in nonchronic in-service claims unless there is continuity of symptomatology? If § 3.303(b) is construed as imposing such a restriction, is such a constraint upon the award of service connection consistent with the terms of 38 U.S.C. § 1110?

(3) Are the answers to any of the foregoing questions set forth in or derived from any publicly available Department of Veterans Affairs issuances or General Counsel opinions, and, if so, please cite them and provide copies?

It is further

ORDERED that the Clerk invite interested amici curiae to submit memoranda on the above questions within the time allowed to the parties. It is further

ORDERED that the Clerk, pursuant to Rule 34 of the Court's Rules of Practice and Procedure, schedule oral argument as the business of the Court permits.