**Michael SAATHOFF, Appellant,**

v.

**Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.**

**No. 96–1067.**

United States Court of Veterans Appeals.

July 15, 1997.

Robert C. Rhodes, was on the brief, for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Joan E. Moriarty, Acting Deputy Assistant General Counsel; and John D. McNamee, Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

NEBEKER, Chief Judge:

The appellant, Michael Saathoff, appeals a June 28, 1996, decision of the Board of Veterans' Appeals (BVA or Board) which denied service connection for human immunodeficiency virus (HIV) infection and for a psychiatric disorder secondary to HIV infection, finding those claims not well grounded. Upon consideration of the record on appeal and the briefs of the parties, the Court will reverse the Board's decision because the appellant has presented well-grounded claims.

## I. FACTS

Mr. Saathoff served on active duty in the U.S. Navy from December 1988 to November 1989. Record (R.) at 111. He completed the Basic Hospital Corps School in March 1989, and thereafter his military occupational spe-

cialty was hospital corpsman. R. at 10. In September 1989, two months before his discharge, Mr. Saathoff tested negative for HIV. R. at 60. In February 1990, the veteran reported that he was HIV negative. R. at 286. In September 1990, Mr. Saathoff tested positive for HIV. R. at 248. He filed a claim for service connection for the HIV infection and a mental disorder in February 1993. R. at 123, 133–36. At a personal hearing in May 1994, he testified that while in the Navy, he worked with newborn infants in the labor and nursery departments. R. at 328. He claimed that his responsibilities included drawing blood, giving shots, and assisting with circumcisions. *Id.* He also stated that some of these babies were HIV positive and that he had received several accidental needle sticks during his time in the transition nursery. R. at 328–29. He opined that these needle sticks are the cause of his positive HIV status. R. at 336. Mr. Saathoff also stated that he was a diagnosed manic-depressive, and that the condition had been brought on by his HIV infection. *Id.* ("Manic-depressive" refers to alternating "between attacks of mania and depression, as in bipolar disorder." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 985 (28th ed.1994)).

In January 1995, Dr. Helene Wechsler submitted a statement to the effect that the veteran was diagnosed HIV positive in July 1990. R. at 365. In another statement dated March 1995, Dr. Wechsler further opined,

> It is not possible to determine exactly when Mr. Saathoff contracted HIV. We do know, however, that it can take up to six months from time of exposure to antibody conversion. Therefore, it is possible for Mr. Saathoff to have been exposed to HIV in the service and still test negative two months after discharge.

R. at 381. Also in March 1995, Dr. D.S. Mac stated that Mr. Saathoff was receiving treatment for a depressive disorder, recurrent, and bipolar affective disorder. R. at 379. He noted, "The patient is also suffering from HIV Positive Disease and it is my professional opinion that the patient's depression is exacerbated by the HIV Infection." *Id.*

In the June 1996 BVA decision here on appeal, the Board found Mr. Saathoff's claim for service connection for HIV infection not well grounded, noting that there was no medical evidence of a direct nexus between the veteran's current HIV infection and his time in service, or to the needle pricks alleged to have occurred in service. R. at 20–21. The Board further concluded that "as HIV infection is not service connected, any relationship between it and the psychiatric disorder is not relevant to the claim," and therefore the claim for service connection for a psychiatric disorder secondary to HIV infection was also not well grounded. R. at 22.

## II. ANALYSIS

This Court reviews de novo the question of whether a claim is well grounded. *Grottveit v. Brown,* 5 Vet.App. 91, 92 (1993). An appellant has the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that his claim is plausible. 38 U.S.C. § 5107. "Such a claim need not be conclusive, but only *possible* to satisfy the initial burden of § [5107(a)]." *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990) (emphasis added). A well-grounded service-connection claim generally requires medical evidence of a current disability; medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and medical evidence of a nexus between an in-service injury or disease and a current disability. *See Caluza v. Brown,* 7 Vet.App. 498, 506 (1995), *aff'd per curiam,* 78 F.3d 604 (Fed.Cir.1996) (table). In the instant case, Mr. Saathoff has a current diagnosis of HIV infection. He has offered a basis to infer in-service contagion through his hospital duties, and Dr. Wechsler has stated it is medically known that up to six months can elapse between exposure and manifestation—plausibly placing exposure during military service. Accordingly, the Court holds that Mr. Saathoff's claim for service connection for HIV infection is well grounded. Moreover, as the Court reverses the Board on this matter, the claim for secondary service connection for a psychiatric disability related to HIV infection will likewise be remanded for readjudication consistent with this holding.

## III. CONCLUSION

Accordingly, the Board's June 28, 1996, decision is REVERSED and the claims REMANDED for adjudication. On remand, the appellant will be free to submit additional evidence and argument, and the Board must seek any other evidence it thinks is necessary to the resolution of the appellant's claim. *Quarles v. Derwinski*, 3 Vet.App. 129, 141 (1992).