**James P. DAVIS, Appellant,**

v.

**Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.**

**No. 95–1169.**

United States Court of Veterans Appeals.

July 28, 1997.

As Amended Feb. 4, 1998.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, HOLDAWAY, IVERS, and STEINBERG, Judges.

### ORDER

PER CURIAM.

A panel of the Court affirmed the Board of Veterans' Appeals decision on appeal. *Davis v. Brown*, 10 Vet.App. 209 (1997). On May 19, 1997, the appellant filed a motion for reconsideration by the panel, or, in the alternative, review by the full Court.

Upon consideration of the appellant's motion for reconsideration and the record on appeal, it is by the panel

ORDERED that the motion for reconsideration is DENIED. It is further

ORDERED that it not appearing that review by the full Court is necessary either to address a question of exceptional importance to the administration of laws affecting veterans' benefits or to secure or maintain unifor-

mity to the Court's decisions, it is by the full Court

ORDERED that the appellant's motion for review is DENIED.

KRAMER, Judge, concurring:

The appellant moves for reconsideration of the Court's April 29, 1997, decision on the basis that the Secretary of Veterans Affairs has failed to promulgate regulations, pursuant to the Veterans' Dioxin and Radiation Exposure Compensation Standards Act, Pub.L. No. 98–542, 98 Stat. 2725 (1984) [hereinafter 1984 Act], establishing "actual findings as to exposure and threshold dosage." Motion for Reconsideration (MRC) at 3.

In so arguing, the appellant relies on the last sentence of Section 5(b)(2)(A)(i) of the 1984 Act and certain legislative history accompanying the 1984 Act's passage. MRC at 2.

To the extent that the appellant argues that any dose estimate as to the appellant should be determined only by regulation, I note the following: First, the appellant acknowledges that the Secretary of Defense, rather than the Secretary of Veterans Affairs, has the responsibility for making radiation determinations. MRC at 3. Second, section 5(b)(2)(A)(i),(ii) and (iii) contemplate individual, rather than generic adjudication. Third, a regulation that by definition is generic, could not determine a dose estimate in an individual case.

To the extent that the appellant argues that the Secretary should establish under the 1984 Act a minimum dose threshold, which, if met, would mandate service connection, I note the following: First, as previously indicated, the 1984 Act contemplates individual adjudication. Second, the language relied upon by the appellant requires the Secretary to establish limitations on service connection, rather than entitlements. Examples of such limitations are 38 C.F.R. § 3.311(b)(3) and (5) and § 3.311(e). Paragraph (b)(3) excludes a certain disease as a radiogenic disease. Paragraph (b)(5) sets time frames in which radiogenic diseases must manifest themselves. Paragraph (e) sets forth factors to

be considered in determining whether a radiogenic disease should be service connected.

To the extent that the appellant argues that the 1984 Act requires the Secretary to set minimum dosage requirements for service connection, even assuming that the Act requires the promulgation of such a floor, it would constitute a limitation on service connection. As a consequence, any error committed by the Secretary of Veterans Affairs in failing to promulgate such a floor constitutes nonprejudicial error as to a potential claimant such as the appellant. *See* 38 U.S.C. § 7261(a), (b) (in interpreting statutory provisions, Court shall take due account of prejudicial error).

STEINBERG, Judge, concurring:

I agree with the analysis of the appellant's contentions in Judge Kramer's concurring statement. There would appear to be some issues lurking in the dose-reconstruction process that bear inquiry, but not the ones raised by the appellant here.

For example, if the Court can declare, without direct statutory support, that medical evidence is required for certain Board findings (*e.g., Grottveit v. Brown,* 5 Vet.App. 91, 92–93 (1993), and *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990)) and that lay evidence is generally incompetent on medical questions (*e.g., Grottveit, supra,* and *Espiritu v. Derwinski,* 2 Vet.App. 492, 494 (1992)), then it is not apparent why the Court could not find that a dose-reconstruction method based on an assertedly false set of assumptions presents equally unreliable evidence. The Congress directed the Department of Defense, in section 7(a)(1) of Pub.L. No. 98–542,

to prescribe guidelines for responding to Department of Veterans Affairs (VA) and VA claimant requests for radiation-dose estimates. Although section 7(b) of that law refers to VA use of a radiation-dose estimate from the Department of Defense and provides that, in resolving material differences between an estimate submitted by the Department of Defense and one submitted by the veteran, VA will obtain another estimate from an independent expert who will be selected by the Director of the National Institutes of Health, it does not appear that the law *requires* VA to make such requests of the Department of Defense or to do so in every case. Based on the broad language in section 5 of the law, it could be argued that other sources for dose estimates could be used and that Congress left that matter to the VA Secretary's regulations mandated by that section.

Whether all this means that VA must accept as valid *any* radiation-dose estimate that the Department of Defense then provides under its guidelines and procedures is a question that might have been raised by the appellant. However, he neither raises that question nor challenges the process by which VA obtains dose-reconstruction data. As Judge Kramer's concurring statement demonstrates, the questions that the appellant has raised are not meritorious.