Citation Nr: 1045629 
Decision Date: 12/06/10 Archive Date: 12/14/10

DOCKET NO. 09-00 403 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical and Regional Office Center 
in Wichita, Kansas


THE ISSUE

Entitlement to service connection for a back disability.


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Andrew Dubinsky, Associate Counsel


INTRODUCTION

The Veteran had active service from March 1997 to March 2001.

This matter arises before the Board of Veterans' Appeals (Board) 
from a September 2008 rating decision of the Department of 
Veterans Affairs (VA) Regional Office (RO) in Wichita, Kansas.

In November 2009, the Veteran testified at a Travel Board hearing 
in front of the undersigned Veterans Law Judge. The transcript 
of the hearing has been reviewed and is associated with the 
claims file.


FINDING OF FACT

The competent evidence of record does not show that the Veteran's 
back disability was incurred in or is related to his period 
active military service.


CONCLUSION OF LAW

The Veteran's back disability was not incurred in or aggravated 
by active military service. 38 U.S.C.A. §§ 1110, 5103, 5103A 
(West 2002); C.F.R. §§ 3.159, 3.303, (2010).


REASONS AND BASES FOR FINDING AND CONCLUSION

Previous Board Remand

In January 2010, the Board remanded the case to the RO via the 
Appeals Management Center (AMC) for further development and 
readjudication of the Veteran's claim. Specifically, the Board 
ordered the AMC to schedule the Veteran for a VA examination in 
order to determine the nature and etiology of his back 
disability. A remand by the Board confers upon the Veteran, as a 
matter of law, the right to compliance with the remand orders. 
Stegall v. West, 11 Vet. App. 268, 271 (1998). When remand 
orders are not complied with, the Board must ensure compliance. 
However, only substantial compliance, not strict compliance, is 
necessary. D'Aries v. Peake, 22 Vet. App. 97 (2008). VA 
afforded the Veteran with an adequate medical examination in 
February 2010. Based on the foregoing, the Board finds that the 
AMC substantially complied with the January 2010 remand.

The Veterans Claims Assistance Act of 2000 (VCAA)

The VCAA describes VA's duty to notify and assist claimants in 
substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 
5102, 5103, 5103A, 5107, 5126 (West 2002); 38 C.F.R. §§ 3.102, 
3.156(a), 3.159, and 3.326(a) (2010). 

Upon receipt of a complete or substantially complete application 
for benefits, VA is required to notify the claimant and his or 
her representative, if any, of any information and any medical or 
lay evidence that is necessary to substantiate the claim. 
38 U.S.C.A. § 5103(a) (West 2002); 38 C.F.R. § 3.159(b) (2010); 
Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper VCAA 
notice must inform the claimant of any information and evidence 
not of record (1) that is necessary to substantiate the claim, 
(2) that VA will seek to provide, and (3) that the claimant is 
expected to provide. The Board notes that the requirement of 
requesting that the claimant provide any evidence in his or her 
possession that pertains to the claim was eliminated by the 
Secretary during the course of this appeal. See 73 Fed. Reg. 
23353 (final rule revising 38 C.F.R. § 3.159(b) to rescind fourth 
element notice as required under Pelegrini II, effective May 30, 
2008).

VCAA notice should be provided to a claimant before the initial 
unfavorable agency of original jurisdiction (AOJ) decision on a 
claim. Pelegrini v. Principi, 18 Vet. App. 112 (2004); but see 
Mayfield v. Nicholson, 19 Vet. App. 103, 128 (2005), rev'd on 
other grounds, Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 
2006) (when VCAA notice follows the initial unfavorable AOJ 
decision, remand and subsequent RO actions may "essentially cure 
[] the error in the timing of notice"). VCAA notice should also 
apprise the claimant of the criteria for assigning disability 
ratings and for award of an effective date. Dingess/Hartman v. 
Nicholson, 19 Vet. App. 473 (2006). 
In July 2008 and January 2010 correspondence, the RO and AMC 
advised the Veteran of what the evidence must show to establish 
entitlement to service connection for his claimed disorder and 
described the types of evidence that the Veteran should submit in 
support of his claim. The RO and AMC also explained what 
evidence VA would obtain and make reasonable efforts to obtain on 
the Veteran's behalf in support of the claim. The VCAA notice 
letters also addressed the elements of degree of disability and 
effective date. 

The Board further notes that the Veteran was provided with a copy 
of the September 2008 rating decision, the November 2008 
statement of the case (SOC), the Board's January 2010 remand, and 
the October 2010 supplemental statement of the case (SSOC), which 
cumulatively included a discussion of the facts of the claim, 
notification of the basis of the decision, and a summary of the 
evidence considered to reach the decision. 

Therefore, the Board concludes that the requirements of the 
notice provisions of the VCAA have been met, and there is no 
outstanding duty to inform the Veteran that any additional 
information or evidence is needed. Quartuccio, 16 Vet. App. at 
187. 

To fulfill its statutory duty to assist, the RO/AMC afforded the 
Veteran with a compensation and pension examination in February 
2010 and associated the Veteran's service treatment records 
(STRs) and hearing transcript. At his hearing, the Veteran told 
the undersigned Veterans Law Judge that he had no medical 
treatment related to his back since his discharge. To that end, 
when VA undertakes to provide a VA examination or obtain a VA 
opinion, it must ensure that the examination or opinion is 
adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). The 
Board finds that the VA examination obtained in this case for the 
Veteran's back disability was more than adequate, as it was 
predicated on a full reading of the available medical records in 
the Veteran's claims file. The examination included the 
Veteran's subjective complaints about his disability and the 
objective findings needed to rate the disability. 

The Veteran has not made the RO, the AMC, or the Board aware of 
any other evidence relevant to this appeal that he or the VA 
needs to obtain. Based on the foregoing, the Board finds that 
all relevant facts have been properly and sufficiently developed 
in this appeal and no further development is required to comply 
with the duty to assist the Veteran in developing the facts 
pertinent to the claim. Accordingly, the Board will proceed with 
appellate review. 

Legal Criteria

Service connection may be granted for disability or injury 
incurred in or aggravated by active military service. 
38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. § 3.303(a) 
(2010). As a general matter, service connection for a disability 
on the basis of the merits of such claim requires (1) the 
existence of a current disability, (2) the existence of the 
disease or injury in service, and (3) a relationship or nexus 
between the current disability and any injury or disease during 
service. Cuevas v. Principi, 3 Vet. App. 542 (1992). 

If a condition noted during service is not shown to be chronic, 
then generally a showing of continuity of symptomatology after 
service is required for service connection. 38 C.F.R. § 3.303(b) 
(2010). Service connection may also be granted for any disease 
diagnosed after discharge, when all the evidence, including that 
pertinent to service, establishes that the disease was incurred 
in service. 38 C.F.R. § 3.303(d) (2010). 

Generally, where the determinative issue involves a medical 
diagnosis or causation, competent medical evidence is required. 
Grottveit v. Brown, 5 Vet. App. 91 (1993). This burden typically 
cannot be met by lay testimony because lay persons are not 
competent to offer medical opinions. Espiritu v. Derwinski, 2 
Vet. App. 492, 494-95 (1992). However, lay persons can provide 
an eye-witness account of a veteran's visible symptoms. See, 
e.g., Caldwell v. Derwinski, 1 Vet. App. 466, 469 (1991) 
(competent lay evidence concerning manifestations of disease may 
form the basis for an award of service connection where a 
claimant develops a chronic disease within a presumptive period 
but has no in-service diagnosis of such disease).

Lay evidence can be competent and sufficient to establish a 
diagnosis of a condition when (1) a layperson is competent to 
identify the medical condition, (2) the layperson is reporting a 
contemporaneous medical diagnosis, or (3) lay testimony 
describing symptoms at the time supports a later diagnosis by a 
medical professional. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. 
Cir. 2007). Also, when a condition may be diagnosed by its 
unique and readily identifiable features, the presence of the 
disorder is not a determination "medical in nature" and is 
capable of lay observation. Barr v. Nicholson, 21 Vet. App. 303 
(2007). 
 
Analysis

The Veteran contends that he hurt his back in service while 
moving mattresses in preparation of a Special Olympics event at 
Keesler Air Force Base. According to the Veteran, he felt a 
strain in his left lower back while moving mattresses into a 
dormitory. At the outset, the Board notes that the record 
contains evidence of a back injury in service. Specifically, 
when the Veteran was stationed at Keesler Air Force Base in 
August 1997, he complained of mid back pain for about three days. 
The Veteran told the doctor that he had no specific trauma and 
that he had been playing basketball and football, although he was 
not injured playing either. The Veteran's pain was over his left 
shoulder blade toward his spine. An examination revealed that he 
had no palpable abnormality, and the doctor advised the Veteran 
to follow up if his back failed to improve or worsened. 

The Veteran never followed up with the flight medicine clinic 
regarding a back disability. Instead, shortly before his 
discharge, he filled out a report of medical assessment dated 
February 2001. In that assessment, the Veteran claimed that his 
overall health was better since his last examination and that he 
was not taking any medications, had no conditions that limited 
his ability to work in his primary military specialty or required 
geographic or assignment limitations, had no questions concerning 
his health, and did not intend to seek VA disability benefits. 
On the back of the form, the examining physician wrote, "No 
complaints or conditions that need addressing." Taken together, 
the Veteran's failure to seek follow up treatment after his 
August 1997 complaints and his February 2001 discharge medical 
assessment indicate that his back problem had resolved in service 
and was not a chronic disability. 

The Veteran was subsequently discharged from military service in 
March 2001. He testified in November 2009 that he did not 
receive any treatment for his claimed back disability after his 
discharge. Nevertheless, VA afforded the Veteran with a 
compensation and pension examination in February 2010. The 
examiner reviewed the Veteran's service treatment records, 
including his August 1997 complaints of back pain, and concluded 
that "the problem here appeared to be in the thoracic spine." 
At the examination, the Veteran complained of fairly constant 
pain in the lower back that he localized to the left lumbosacral 
paravertebral region. The pain did not radiate and was about a 
three on a scale of one to 10. After examining the Veteran, the 
examiner diagnosed him with a chronic lumbosacral strain. 
However, the examiner stated that the Veteran was seen on one 
occasion in 1997 for pain in his thoracic or upper back and that 
his active duty medical records were absent of any reference to 
lower back problems. Therefore, since the Veteran's complaints 
were limited to pain in his lumbosacral region and not the 
thoracic spine region, the examiner held a "strong opinion" 
that the Veteran's current lumbosacral complaints of pain were 
totally unrelated to the episode of thoracic pain that occurred 
in 1997. 

The Veteran has consistently complained of lower back pain in 
various statements throughout the appeal period. Additionally, 
the record does not contain a competent medical opinion linking 
his current low back pain to his mid back pain in 1997. Thus, in 
light of the foregoing, the Board finds the preponderance of the 
evidence is against the Veteran's claim. Therefore, service 
connection for a back disability is not warranted, and the 
Veteran's appeal is denied. 

In reaching this conclusion, the Board notes that under the 
provisions of 38 U.S.C.A. § 5107(b), the benefit of the doubt is 
to be resolved in the claimant's favor in cases where there is an 
approximate balance of positive and negative evidence in regard 
to a material issue. The preponderance of the evidence, however, 
is against the claim and that doctrine is not applicable. 
Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 




ORDER

Entitlement to service connection for a back disability is 
denied.



____________________________________________
John E. Ormond, Jr.
Veterans Law Judge, Board of Veterans' Appeals




 Department of Veterans Affairs