Citation Nr: 1045622 
Decision Date: 12/06/10 Archive Date: 12/14/10

DOCKET NO. 06-03 888 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, 
California

THE ISSUES

1. Entitlement to service connection for chronic headaches.

2. Entitlement to service connection for arthritis.

3. Entitlement to service connection for bilateral otitis media.

4. Entitlement to service connection for bilateral breast cysts.

5. Entitlement to service connection for hemorrhoids.

6. Entitlement to service connection for bilateral pes planus.

7. Entitlement to service connection for left knee patella 
tendonitis.

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

R. Poulson, Associate Counsel

INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 
38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 7107(a)(2) (West 
2002).

The Veteran served on active duty in the Navy from January 1973 
to August 1977 and from August 1990 to January 1992. She served 
in the Navy Reserves from May 1978 to June 2001.

This matter is before the Board of Veterans' Appeals (Board) from 
a January 2005 decision by the Department of Veterans Affairs 
(VA) Regional Office (RO) in San Diego, California, which denied, 
in pertinent part, service connection for chronic headaches, 
bilateral otitis media, bilateral breast fibroid cysts, 
hemorrhoids, bilateral pes planus, left knee patella tendonitis, 
and arthritis of multiple joints.

In October 2007, the Veteran testified at a video conference 
hearing before a Veterans Law Judge (VLJ). A transcript of the 
hearing is associated with the claim folder.

In December 2007, the Board remanded the claims for further 
development.

The VLJ who conducted the October 2007 hearing and issued the 
December 2007 decision no longer works at the Board. In April 
2010, the Board advised the Veteran by letter that she had the 
right to another hearing by a VLJ who would decide her appeal and 
was asked whether she desired to have a new Board hearing. See 38 
C.F.R. § 20.707. She responded in the affirmative shortly 
thereafter. Accordingly, the Board remanded the case for a new 
hearing in May 2010.

In November 2010, the Veteran testified at a video conference 
hearing before the undersigned VLJ. A transcript of the hearing 
is associated with the claim folder.

The issues of service connection for chronic headaches, 
arthritis, bilateral pes planus, and left knee patella tendonitis 
are REMANDED to the RO via the Appeals Management Center (AMC), 
in Washington, DC.

FINDINGS OF FACT

1. During the May 2010 hearing, prior to the promulgation of a 
decision, the Veteran testified that she wished to withdraw the 
issue of service connection for bilateral otitis media.

2. During the May 2010 hearing, prior to the promulgation of a 
decision, the Veteran testified that she wished to withdraw the 
issue of service connection for bilateral breast cysts.

3. During the May 2010 hearing, prior to the promulgation of a 
decision, the Veteran testified that she wished to withdraw the 
issue of service connection for hemorrhoids.

CONCLUSIONS OF LAW

1. Because the Veteran has withdrawn her appeal with respect to 
the claim for service connection for bilateral otitis media, the 
Board does not have jurisdiction to consider the claim and it is 
dismissed. 38 U.S.C.A. § 7105 (West 2002 & Supp. 2010); 38 
C.F.R. §§ 20.101, 20.202, 20.204 (2010).

2. Because the Veteran has withdrawn her appeal with respect to 
the claim for service connection for bilateral breast cysts, the 
Board does not have jurisdiction to consider the claim and it is 
dismissed. 38 U.S.C.A. § 7105 (West 2002 & Supp. 2010); 38 
C.F.R. §§ 20.101, 20.202, 20.204 (2010).

3. Because the Veteran has withdrawn her appeal with respect to 
the claim for service connection for hemorrhoids, the Board does 
not have jurisdiction to consider the claim and it is dismissed. 
38 U.S.C.A. § 7105 (West 2002 & Supp. 2010); 38 C.F.R. §§ 20.101, 
20.202, 20.204 (2010).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran testified that she wished to withdraw the issues of 
service connection for bilateral otitis media, bilateral breast 
cysts, and hemorrhoids. A Substantive Appeal may be withdrawn in 
writing at any time before the Board promulgates a decision. 38 
C.F.R. § 20.202. Accordingly, the Board does not have 
jurisdiction and these issues are dismissed.

ORDER

The appeal with respect to the claim for entitlement to service 
connection for bilateral otitis media is dismissed.

The appeal with respect to the claim for entitlement to service 
connection for bilateral breast cysts is dismissed.

The appeal with respect to the claim for entitlement to service 
connection for hemorrhoids is dismissed.

REMAND

The Veteran contends that she developed her alleged conditions 
"while I was in the reserve or was on active duty or serving in 
some type of reserve capacity." Service connection may be 
granted for a disability resulting from disease or injury 
incurred in or aggravated while performing active duty for 
training (ACDUTRA) or for injury incurred or aggravated while 
performing inactive duty training (INACDUTRA). 38 U.S.C.A. §§ 
101(24), 106, 1110, 1131. Service treatment records (STRs) 
include a notation of ACDUTRA from May 1983. In addition, the 
Veteran alleges active duty from September 1989 to August 1990. 

The December 2007 Remand Order instructed the RO to verify the 
Veteran's periods of ACDUTRA and INACDUTRA with the Navy Reserve. 
In a February 2008 request, the RO asked the National Personnel 
Records Center (NPRC) to verify the Veteran's periods of service. 
In a March 2009 response, the NPRC stated that it had no records 
for the Veteran and suggested that the RO/AMC address another 
request to Code 31. This was not done.

The December 2007 Remand Order also instructed the RO/AMC to 
obtain additional service treatment records, to include records 
from the Veteran's reserve service. In a February 2008 request, 
the AMC asked the NPRC for service treatment records. In a March 
2009 response, the NPRC stated that it had previously furnished 
STRs to the San Diego RO in August 2004. In a March 2009 letter, 
the AMC requested reserve service treatment records from the 
Veteran's unit. No response was received. 
 
Finally, the Board instructed the RO to obtain civilian medical 
records. In a February 2008 letter, the AMC asked the Veteran to 
provide consent forms for various providers. The Veteran 
submitted three consent forms in August 2008. One of the 
providers submitted medical records to the AMC. Another provider 
submitted a negative response. The third provider is the Naval 
Medical Center San Diego (NMCSD). The Veteran claims that she 
received treatment at this military treatment facility for her 
knee and arthritis disabilities from September 1988 to February 
2001. She was apparently a military spouse during this time 
period and went by her married name. In a March 2009 letter, the 
AMC requested treatment records under the Veteran's maiden name. 
No response was received.

The Board is obligated by law to ensure that the RO complies with 
its directives. Compliance by the RO is neither optional nor 
discretionary. Where the remand orders of the Board are not 
complied with, the Board errs as a matter of law when it fails to 
ensure compliance, and a further remand of the case will be 
mandated. Stegall v. West, 11 Vet. App. 268 (1998).

Finally, the question of whether the Veteran's current 
disabilities had their onset in or are otherwise related to 
active service requires competent medical evidence as to 
causation. Grottveit v. Brown, 5 Vet. App. 91, 92 (1993). Thus, 
a medical opinion is necessary to resolve these claims. See 38 
U.S.C.A. § 5103A(d); McClendon v. Nicholson, 20 Vet. App. 79 
(2006) (holding that a medical examination is necessary when the 
record (1) contains competent evidence that the claimant has a 
current disability or persistent or recurrent symptoms of the 
disability; (2) contains evidence, which indicates that the 
disability or symptoms may be associated with the claimant's 
active duty; and (3) does not contain sufficient medical evidence 
for VA to make a decision).

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket 
pursuant to 38 C.F.R. § 20.900(c) (2009). Expedited 
handling is requested.)

1. Contact the Veteran's Navy Reserve unit to 
determine if additional service treatment 
records are present. If such records are 
available, obtain them and place them into 
the claims file. A copy of any negative 
response(s) should be included in the 
claim file. All attempts to procure 
records should be documented in the file. 
If, after inquiry, it is apparent that the 
Veteran's additional records are not in 
the custody of the federal government, 
annotate the record to reflect this.

2. Obtain verification of the Veteran's 
periods of active duty for training 
(ACDUTRA) and inactive duty for training 
(INACDUTRA) with the Navy Reserve. Request 
additional medical records pertaining to 
any and all periods of ACDUTRA and 
INACDUTRA. A copy of any negative 
response(s) should be included in the 
claim file. All attempts to procure 
records should be documented in the file. 
If such service cannot be verified, 
indicate whether the pertinent records do 
not exist and whether further efforts to 
obtain the records would be futile.

3. Take the necessary steps to obtain any 
records from September 1988 to February 
2001 for treatment received at the Naval 
Medical Center San Diego under both the 
Veteran's married and maiden names, 
and associate them with the claim file. A 
copy of any negative response(s) should be 
included in the claim file. All attempts 
to procure records should be documented in 
the file. If these records cannot be 
obtained, a notation to that effect should 
be inserted in the file. 

4. Schedule appropriate VA examination(s) for 
the disabilities claimed on appeal. The 
examiners should state whether there is 
any current chronic headache disability or 
any current disability of the left knee, 
bilateral feet, or arthritis of multiple 
joints, and if so, whether it is at least 
as likely as not that any of the current 
disabilities are related to service. A 
full and complete rationale for all 
opinions expressed must be provided.

The claim folder and a copy of this remand 
should be made available to the 
clinician(s) for review.

5. Review the claim file to ensure that all 
the foregoing requested development is 
completed, and arrange for any additional 
development indicated. Readjudicate the 
claims on appeal. If any of the benefits 
sought remain denied, issue an SSOC and 
provide the Veteran and her representative 
an appropriate period of time to respond. 
The case should then be returned to the 
Board for further appellate review, if 
otherwise in order. No action is required 
of the Veteran unless she is notified.

The appellant has the right to submit additional evidence and 
argument on the matters the Board has remanded. Kutscherousky 
v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals for 
Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. 
§§ 5109B, 7112 (West Supp. 2010).

______________________________________________
 RONALD W. SCHOLZ
Veterans Law Judge, Board of Veterans' Appeals

 Department of Veterans Affairs