Citation Nr: 1101579 
Decision Date: 01/13/11 Archive Date: 01/20/11

DOCKET NO. 09-31 712 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, 
Nebraska

THE ISSUE

Entitlement to service connection for tinnitus.

REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the 
United States

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

M. McBrine, Counsel

INTRODUCTION

The Veteran served on active duty from December 1968 to September 
1972.

This matter comes before the Board of Veterans' Appeals (Board) 
on appeal from a February 2009 decision by the Department of 
Veterans Affairs (VA) Regional Office (RO) in Lincoln, Nebraska, 
that denied the Veteran's claim of entitlement to service 
connection for tinnitus. A hearing was held before the 
undersigned Veterans Law Judge at the RO in June 2010.

The Board also notes that the Veteran, in his hearing testimony, 
indicated that he was pursuing a claim for service connection for 
a back disability; as there does not appear to be an adjudication 
of this issue in the Veteran's claims file, it is referred to the 
RO for appropriate action.

FINDINGS OF FACT

Resolving all doubt in the Veteran's favor, the evidence is at 
least in equipoise as to the question of whether the Veteran's 
currently diagnosed tinnitus is related to service.

CONCLUSION OF LAW

Resolving all doubt in the Veteran's favor, his tinnitus is 
related to service. 38 U.S.C.A. §§ 1101, 1110, 5103, 5103A, 5107 
(West 2002 & Supp. 2009); 38 C.F.R. § 3.303 (2010).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

VA has a duty to notify and assist claimants in substantiating a 
claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 
5107, 5126 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.102, 
3.156(a), 3.159 and 3.326(a) (2010).

Upon receipt of a complete or substantially complete application 
for benefits, VA is required to notify the claimant and his or 
her representative, if any, of any information, and any medical 
or lay evidence, that is necessary to substantiate the claim. 38 
U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 
16 Vet. App. 183 (2002). 

Proper notice from VA must inform the claimant of any information 
and evidence not of record (1) that is necessary to substantiate 
the claim; (2) that VA will seek to provide; and (3) that the 
claimant is expected to provide in accordance with 38 C.F.R. 
§ 3.159(b) (1).

In addition, the notice requirements apply to all five elements 
of a service-connection claim, including: (1) Veteran status; (2) 
existence of a disability; (3) a connection between the Veteran's 
service and the disability; (4) degree of disability; and (5) 
effective date of the disability. See Dingess/Hartman v. 
Nicholson, 19 Vet. App. 473 (2006). 

Here, the duty to notify was satisfied by way of a letter sent to 
the Veteran in February 2008. This document informed the Veteran 
of what evidence was needed to establish the benefits sought, of 
what VA would do or had done, and of what evidence the Veteran 
should provide. Therefore, the Board finds that any notice 
errors did not affect the essential fairness of this 
adjudication, and that it is not prejudicial to the Veteran for 
the Board to proceed to finally decide this appeal. The Veteran 
was also informed of the law as it pertains to effective dates by 
this letter. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 
(2006). No prejudice has been alleged in the timing of these 
notices, and none is apparent from the record; and the claim was 
readjudicated during the course of this appeal. See Prickett v. 
Nicholson, 20 Vet. App. 370, 376 (2006) (noting that a timing 
defect may be cured by the issuance of fully compliant 
notification followed by a re- adjudication of the claim).

The VA has also done everything reasonably possible to assist the 
Veteran with respect to his claim for benefits, such as obtaining 
VA medical records, providing the Veteran with a VA examination, 
and providing the Veteran with a hearing. Consequently, and 
particularly in light of the favorable decision below, the Board 
finds that the duty to notify and assist has been satisfied in 
this appeal.

The Veteran seeks service connection for tinnitus. Specifically, 
the Veteran alleges that his exposure to noise in basic training 
in service, and during his work in service setting up generators, 
caused his current tinnitus.

Applicable laws provide that in order to establish service 
connection for a claimed disability, the facts, as shown by the 
evidence, must demonstrate that a particular disease or injury 
resulting in current disability was incurred during active 
service or, if pre-existing active service, was aggravated 
therein. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. Service 
connection may be granted for any disease diagnosed after 
discharge, when all the evidence, including that pertinent to 
service, establishes that the disease was incurred in service. 
38 C.F.R. § 3.303(b). 

The chronicity provisions of 38 C.F.R. § 3.303(b) are applicable 
where the evidence, regardless of its date, shows that the 
Veteran had a chronic condition in service or during an 
applicable presumption period and still has such condition. Such 
evidence must be medical unless it relates to the condition as to 
which, under Court case law, lay observation is competent. 
Savage v. Gober, 10 Vet. App. 488, 498 (1997). In addition, if a 
condition noted during service is not shown to be chronic then 
generally a showing of continuity of symptomatology after service 
is required for service connection.

Applicable regulations provide that impaired hearing shall be 
considered a disability when the auditory thresholds in any of 
the frequencies of 500, 1,000, 2,000, 3,000, and 4,000 Hz are 40 
decibels or greater; the thresholds for at least three of these 
frequencies are 26 decibels or greater; or when speech 
recognition scores are 94 percent or less. 38 C.F.R. § 3.385 
(2010).

The United States Court of Appeals for Veterans Claims (Court) 
has held that "where the determinative issue involves medical 
causation or a medical diagnosis, competent medical evidence is 
required." Grottveit v. Brown, 5 Vet. App. 91, 93 (1993); see 
also Espiritu v. Derwinski, 2 Vet. App. 492, 494 (1992).

Taking into account all relevant evidence, and resolving all 
doubt in favor of the Veteran, the Board finds that service 
connection is warranted for tinnitus. In this regard, the Board 
finds probative the Veteran's testimony that he has had tinnitus 
since service, as well as statements from friends who have 
noticed the Veteran complaining of tinnitus. The Board also 
finds probative a letter dated June 2010 from a private 
physician, who indicates that, after reviewing the Veteran's 
record and history, he feels that military noise exposure is by 
far the most likely cause for any tinnitus experienced by the 
Veteran. The Board also finds that acoustic trauma is consistent 
with the Veteran's service, where he was exposed to artillery 
fire during training, and to generator noise while setting up 
generators.

The Board recognizes the opinion from a VA physician in a January 
2009 VA examination report and an August 2009 addendum, in which 
he indicates that it is less likely than not that the Veteran's 
tinnitus is related to service. In support of this, the 
physician notes that the Veteran had no rateable level of hearing 
loss at the time of separation from service, as well as the lack 
of complaints of tinnitus in service and the gap in time between 
service and the date of the examiner's evaluation of over 35 
years without evidence of any audiologic treatment in the 
intervening years. However, the Board notes that, while the 
Veteran's hearing loss was not of a compensable level upon his 
discharge, it does appear that there was a change in the 
Veteran's audiometric readings from his December 1968 report of 
entrance examination, to his September 1972 report of separation 
examination. Further, the Board notes that the Veteran's service 
records show several treatments for what appear to be upper 
respiratory infections, which at times were shown to have a 
component of ear pain as well.

Thus, considering the private physician's statement, the 
Veteran's service medical records, the Veteran's own statements, 
and statements he submitted from others, the Board finds the 
evidence at least in equipoise as to the question of whether the 
Veteran's tinnitus is related to service. As such, the benefit 
of the doubt is granted to the Veteran and service connection is 
therefore warranted for tinnitus.

ORDER

Entitlement to service connection for tinnitus is granted.

____________________________________________
J. A. MARKEY
Veterans Law Judge, Board of Veterans' Appeals

 Department of Veterans Affairs