Citation Nr: 1434239 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 06-38 090 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUES

1. Entitlement to an increased disability evaluation for radiculopathy of the left lower extremity, currently rated as 10 percent disabling.

2. Entitlement to an increased disability evaluation for radiculopathy of the right lower extremity, currently rated as 10 percent disabling.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

S. Finn, Counsel


INTRODUCTION

The Veteran had active service from September 1974 to September 1977.

This matter came before the Board of Veterans' Appeals (Board) on appeal from an April 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Oakland, California, that denied the Veteran's claims for increased disability evaluations, including for a low back disability. 

A video conference hearing was held before the undersigned Acting Veterans Law Judge in June 2010. A written transcript of this hearing has been associated with the claims file. The Board remanded this appeal in October 2010. 

In December 2011, the Agency of Original Jurisdiction (AOJ) increased the Veteran's lumbar strain disability evaluation to 20 percent, effective December 13, 2010. The case was returned to the Board. In a June 2012 decision, the Board denied a higher rating in excess of 10 percent prior to December 13, 2010 for the low back disability, and denied a rating in excess of 20 percent from that date. The Board also granted separate 10 percent ratings for neurological manifestations of each lower extremity, effective June 21, 2010, as due to the low back disability.
Finally, the Board granted entitlement to service connection for anal incontinence.

The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In a January 2014 memorandum decision, the Court vacated that part of the June 2012 Board decision that granted separate 10 percent disability ratings for neurological manifestations of the right and left lower extremities under Diagnostic Code 8520, and remanded the matter to the Board for further development. The Court indicated that it would not disturb the Board's favorable finding with regard to the award of service connection for anal incontinence, and determined that the Veteran had abandoned his appeal as to all other issues adjudicated by the Board in its June 2012 decision. Hence the only remaining issues in appellate status are as listed on the first page of this remand.

While this appeal was pending at the Court, the AOJ adjudicated other claims and obtained additional evidence. In a June 2013 rating decision, the RO effectuated the Board's prior decision, and granted entitlement to service connection and a 10 percent rating for radiculopathy of each lower extremity, effective June 21, 2010, under Diagnostic Code 8520.

In an August 2013 rating decision, the RO denied an increase in the 20 percent rating for the service-connected low back disability (now characterized as degenerative disc disease of the lumbar spine), denied an increase in the 10 percent ratings for service-connected radiculopathy of each lower extremity, and denied a total disability rating based on individual unemployability (TDIU). 

The record currently before the Board consists of the Veteran's electronic claims files in Virtual VA and the Veterans Benefits Management System (VBMS).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

Regrettably, the Board finds that a remand is necessary prior to appellate review.

As noted above, since the June 2012 Board decision, and during the pendency of this appeal, the RO has been adjudicating other issues and conducting additional development, including obtaining VA medical opinions and medical records. Some of this evidence, particularly the report of an August 2013 VA spine examination, is relevant to the remaining issues on appeal. 

This evidence was associated with the Virtual VA and VBMS electronic claims files after the issuance of the supplemental statement of the case in January 2012, and thus has not yet been reviewed by the AOJ in the context of the instant appeal, with issuance of a supplemental statement of the case. Such must be done prior to appellate review in order to provide due process to the Veteran. See 38 C.F.R. §§ 19.31, 19.37(a) (2013). On remand, the RO/AMC should review all additional relevant evidence received since the supplemental statement of the case.

In its January 2014 memorandum decision, the Court vacated that part of the June 2012 Board decision that granted separate 10 percent disability ratings for neurological manifestations of the right and left lower extremities under 38 C.F.R. § 4.124a, Diagnostic Code 8520, and remanded the matter to the Board for further development. 

The Court found that the Board failed to provide an adequate statement of reasons or bases for its decision to evaluate the Veteran's symptoms under Diagnostic Code 8520 for paralysis of the sciatic nerve. The Court stated that the Board did not explain how a Diagnostic Code that ostensibly rates sciatic nerve paralysis alone sufficiently contemplated this Veteran's disability picture. The Court summarized findings from several VA and private examinations, and also found that the Board did not explain why Diagnostic Code 8620 for neuritis of the sciatic nerve does not better contemplate the Veteran's entire disability picture. 

The Court also found that the Board failed to provide an adequate statement of reasons or bases for its determination that the evidence suggested that the Veteran suffered from "mild" neurological abnormalities. 

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities (Rating Schedule), which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C.A. § 1155 (West 2002); 38 C.F.R. § 4.1 (2013). If there is a question as to which evaluation to apply to the Veteran's disability, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. When reasonable doubt arises as to the degree of disability, such doubt will be resolved in the Veteran's favor. 38 C.F.R. § 4.3. 

Pertinent regulations do not require that all cases show all findings specified by the Rating Schedule, but that findings sufficiently characteristic to identify the disease and the resulting disability and coordination of rating with impairment of function. 38 C.F.R. § 4.21.

The assignment of a particular diagnostic code is "completely dependent on the facts of a particular case." See Butts v. Brown, 5 Vet. App. 532 (1993). Any change in diagnostic code by a VA adjudicator must be specifically explained. See Pernorio v. Derwinski, 2 Vet. App. 625, 629 (1992). In reviewing the claim for a higher rating, the Board must consider which Diagnostic Codes are most appropriate for application in the Veteran's case and provide an explanation for the conclusion. See also Tedeschi v. Brown, 7 Vet. App. 411, 414 (1995); Tatum v. Shinseki, 23 Vet. App. 152 (2009). The Federal Circuit Court has recently held that if disability rating criteria are written in the conjunctive, "a Veteran must demonstrate all of the required elements in order to be entitled to that higher evaluation" and 38 C.F.R. § 4.7 cannot be used to circumvent the need to demonstrate all required criteria. Middleton v. Shinseki, 727 F.3d 1172, 1178 (Fed. Cir. 2013).

In October 2011, a private physician, Dr. H., indicated that the Veteran had low back pain and claudication, radiating down his lower extremities, left greater than right. He had no distal numbness or tingling. Reflexes were diminished.

In the August 2013 VA spine examination, the examiner diagnosed degenerative disc disease and radiculopathy and indicated that the femoral nerve was affected. The examiner indicated that the right side was not affected and the left side was moderately affected.

In its August 2013 rating decision, in pertinent part, the RO denied an increase in the 10 percent ratings for service-connected radiculopathy of each lower extremity. The RO continued the 10 percent rating for radiculopathy of the left lower extremity under Diagnostic Code 8526 (pertaining to paralysis of the anterior crural nerve (femoral)), while continuing the rating for radiculopathy of the right lower extremity under Diagnostic Code 8520 (pertaining to paralysis of the sciatic nerve).

In light of the Court remand, and the above private and VA examination findings which are somewhat conflicting, the Board finds that a VA neurological examination is needed to identify which nerve(s) are affecting each leg, along with a medical opinion as to the current severity of the radiculopathy of the lower extremities. All appropriate nerve testing should be performed. See 38 U.S.C.A. § 5103A(b); Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (holding that when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate); Allday v. Brown, 7 Vet. App. 517, 526 (1995) (where the record does not adequately reveal current state of claimant's disability, fulfillment of statutory duty to assist requires a contemporaneous medical examination, particularly if there is no additional medical evidence that adequately addresses the level of impairment of the disability since the previous examination). 

Ongoing relevant medical records should also be obtained. 38 U.S.C.A. § 5103A(c) (West 2002); see also Bell v. Derwinski, 2 Vet. App. 611 (1992) (VA medical records are in constructive possession of the agency, and must be obtained if the material could be determinative of the claim).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The Veteran should be requested to identify all sources of treatment, VA and private, for radiculopathy of the lower extremities. With any necessary authorization from the Veteran, obtain and associate with the claims file all outstanding relevant records of treatment identified by the Veteran that are not already on file. 

If any requested records are not available, or the search for any such records otherwise yields negative results, that fact must clearly be documented in the claims file. If the records are unavailable, notify the Veteran in accordance with 38 C.F.R. § 3.159(e).

2. Then, the AOJ should schedule the Veteran for a VA neurological examination to determine the nature and current level of severity of any neurological impairment of his bilateral lower extremities. The examiner should clarify the diagnosis(es). The electronic claims folders must be provided to and reviewed by the examiner in conjunction with the examination and the examiner should note in the examination report that this was done. All indicated tests and studies deemed appropriate by the examiner must be accomplished and all clinical findings should be reported in detail. The examiner must provide a detailed review of the Veteran's history, current complaints, and the nature and extent of his lower extremity disability(ies).

The examiner should identify any neurological disability of each lower extremity, and the nerve or nerves involved. The examiner should thereafter provide an opinion as to whether any current radiculopathy of the lower extremities is best characterized as complete or incomplete paralysis, whether he has neuritis or neuralgia, and whether the disability is "mild," "moderate," "moderately severe," or "severe."

The examiner should provide a thorough rationale for his or her opinions.

3. After any additional notification and/or development that the RO deems necessary is undertaken, the Veteran's claims should be readjudicated, with consideration of all of the evidence received since the January 2012 supplemental statement of the case. If any benefit sought on appeal remains denied, the Veteran and his representative should be provided with a supplemental statement of the case. An appropriate period of time should be allowed for response by the Veteran and his representative. Thereafter, the case should be returned to the Board for further appellate consideration, if in order.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
C. L. WASSER
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).