Citation Nr: 1755107 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 10-05 058 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to an increased initial rating for a bilateral shin splint disability, rated 10 percent for each lower extremity.


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

T. Davis, Associate Counsel






INTRODUCTION

The Veteran served on active duty from October 2000 to August 2008.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama that granted service connection and assigned a 0 percent rating for bilateral shin splints, effective August 12, 2008. A February 2016 rating decision granted a 10 percent rating for each lower extremity shin splint disability, effective August 12, 2008. As that increase does not represent a complete grant of benefits sought on appeal, the claim for increase remains before the Board. AB v. Brown, 6 Vet. App. 35 (1993).

The Board remanded this case in both September 2015 and June 2016 for further development.


FINDING OF FACT

During the rating period on appeal, the Veteran's left and right lower extremity shin splints have manifested in complaints of pain while walking and running, and are not shown to cause more than slight knee or ankle disability.


CONCLUSIONS OF LAW

1. The criteria for a rating in excess of 10 percent for left leg shin splints have not been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107(b) (West 2014); 38 C.F.R. §§ 3.102 , 4.71a Diagnostic Code 5262 (2017).

2. The criteria for a rating in excess of 10 percent for right leg shin splints have not been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107(b); 38 C.F.R. §§ 3.102, 4.71a Diagnostic Code 5262 (2017).

REASONS AND BASES FOR FINDING AND CONCLUSIONS

Neither the Veteran nor his representative has raised any issues with the duty to notify or duty to assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board."); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).

Disability evaluations are determined by comparing a Veteran's present symptomatology with criteria set forth in VA's Schedule for Rating Disabilities, which is based on average impairment in earning capacity. 38 U.S.C.A. § 1155; 38 C.F.R. Part 4. When a question arises as to which of two ratings applies under a particular diagnostic code, the higher evaluation is assigned if the disability more closely approximates the criteria for the higher rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. Id. § 4.3. 

It is essential in determining the level of current impairment that the disability is considered in the context of the entire recorded history. Id. § 4.1. Nevertheless, the present level of disability is of primary concern. Francisco v. Brown, 7 Vet. App. 55, 58 (1994). 

The Veteran is assigned separate 10 percent ratings for each shin under DC 5262. There is no diagnostic code specifically applicable to shin splints, so these disabilities are rated by analogy to DC 5262, impairment of the tibia and fibula. 38 C.F.R. § 4.20. The assignment of a particular diagnostic code is "completely dependent on the facts of a particular case." See Butts v. Brown, 5 Vet. App. 532 (1993). One diagnostic code may be more appropriate than another based on such factors as an individual's relevant medical history, the diagnosis and demonstrated symptomatology. The Board has considered whether another rating code or codes are more appropriate than the ones used by the RO, but finds that the current code adequately contemplates the impairment caused by the Veteran's shin splint disability. See Tedeschi v. Brown, 7 Vet. App. 411 (1995).
Under DC 5262, malunion of the tibia and fibula with slight knee or ankle disability warrants a 10 percent rating; with moderate knee or ankle disability, a 20 percent rating; and with marked knee or ankle disability, a 30 percent rating. Nonunion of the tibia and fibula with loose motion, requiring a brace warrants a 40 percent rating. 

The words "slight," "moderate and "marked" are not defined in the VA Rating Schedule. Rather than applying a mechanical formula, the Board must evaluate all of the evidence to the end that its decisions are "equitable and just." See 38 C.F.R. § 4.6.

The Veteran's shin splint disability ratings have been awarded based on symptoms of painful motion. Indeed, the evidence demonstrates that the Veteran's shin splints manifest in pain when walking and running. 

The Board notes that the Veteran is currently service-connected for a left knee strain with arthritis, rated 10 percent disabling. He also has a diagnosed right knee strain. In September 2015, the Board remanded the Veteran's appeal so that VA examinations could be scheduled assessing the severity of the Veteran's shin splints in particular, as prior examination reports did not separately identify symptomatology associated with his knee disabilities and his shin splints. 

A January 2016 VA examiner indicated that the Veteran had gradual onset of shin pain over the course of his duty due to extended running, and has had progressively increasing shin pain ever since, with running and prolonged walking. The January 2016 VA examiner pertinently indicated that the Veteran's shin splints do not affect range of motion of the knees or the ankles. 

The Veteran was examined again in February 2017. The examiner specifically concluded upon examination that functional impairment as it relates to bilateral shin splints is limited to only pain when walking and running. The examiner also observed that there is crepitus and tenderness with palpation down the left anterior shin and that the Veteran wears a left brace to alleviate symptoms associated with his left knee arthritis, and not as treatment for his shin splints disability. Although the Veteran reported flare ups of his knees, the examiner did not link any specific knee or ankle impairment to the Veteran's service-connected shin splint disability. 

The Board finds that a rating in excess of 10 percent is not warranted under DC 5262 for shin splints of either the left or the right leg. The evidence, noted above, does not support a finding that the Veteran has moderate knee or ankle disability (20 percent rating), marked knee or ankle disability (30 percent rating) or nonunion with loose motion requiring a brace (40 percent rating). The Board acknowledges that the Veteran uses a brace on his left knee; however, this has not been shown to be required to alleviate tibia and fibula impairment, but rather to treat his service-connected left knee arthritis. The Veteran clearly has impairment of both knees, and experiences knee flare-ups; however, the VA examiners above have not associated the Veteran's knee impairment with his shin splint disability. As noted above, the January 2016 VA examiner specifically indicated that the Veteran's shin splint disability does not affect range of motion of his knees or ankles, and the February 2017 VA examiner noted that functional impairment as it relates to bilateral shin splints is limited to only pain when walking and running. Testing at the time revealed no tibial or fibular impairment. Thus, the evidence does not support a finding that the Veteran has impairment of the ankle or a knee due to the shin splints that is more than slight. 

The Board has considered the provisions of 38 C.F.R. § 4.40 and § 4.45 and finds that the evidence of record fails to demonstrate functional loss due to shin splints warranting a higher rating. The Veteran's competent and credible report of pain symptoms are already contemplated in the assigned 10 percent rating. Any functional loss and impairment of the knees, to include during flare ups, has been disassociated with the Veteran's shin splint disability. As such, a rating higher than 10 percent for each leg is not warranted.

Neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366, 369-370 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).
ORDER

An initial rating in excess of 10 percent for left lower extremity shin splints is denied. 

An initial rating in excess of 10 percent for right lower extremity shin splints is denied. 



____________________________________________
V. CHIAPPETTA
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs