**Rodney C. SHOGREN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 93–598.

United States Court of Veterans Appeals.

Aug. 30, 1994.

Kim A. Knowles, Los Ojos, NM, was on the brief, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Adrienne Koerber, Deputy Asst. Gen. Counsel, and Jacqueline M. Sims, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and IVERS, Judges.

MANKIN, Judge:

The appellant, Rodney C. Shogren, appeals the May 7, 1993, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to service connection for a bilateral hearing loss disability. The Secretary filed a motion to vacate or, in the alternative, to summarily affirm the May 1993 decision. The Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons set forth below, the Court will vacate the May 1993 Board decision and remand the matter for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

The appellant served on active duty in the United States Army from September 2, 1942, to October 20, 1945, and spent fourteen months of this service held by the German Government as a prisoner of war (POW). R. at 87. His service medical records are negative for any complaints, treatment, or diagnosis of a hearing loss disability. A separation examination dated October 19, 1945, revealed no abnormalities of the appellant's ears or hearing and indicated normal hearing with a whispered voice test of 15/15 in both ears. The VA examinations conducted in May 1946, June 1948, and November 1959 are negative for any complaints, treatment, or diagnosis of a bilateral hearing loss disability. In a former POW medical history form dated September 28, 1984, the appellant indicated that he did not experience a hearing disorder as result of his captivity. A VA protocol examination conducted on November 2, 1984, noted that the appellant had suffered from Meniere's disease since 1983 and observed hearing loss and tinnitus with Meniere's syndrome in the left ear. On August 15, 1991,

the appellant filed a claim for disability compensation with the VA for bilateral hearing loss. On December 13, 1991, the VA received clinical reports from the VA Medical Centers (VAMCs) in St. Cloud, Minnesota, and Minneapolis, Minnesota. These reports, dated November 2, 1990, to November 15, 1991, indicated that the appellant was issued hearing aids in December 1990 and that in March 1991 he had a mild-to-moderately severe sensorineural hearing loss in the right ear and a severe sensorineural hearing loss in the left ear. A hospital summary report dated in March 1991 revealed that the appellant reported a ten- to fifteen-year history of Meniere's disease, indicated that the appellant was virtually deaf in the left ear, and stated that he had "classic Meniere's triad of incapacitating vertigo, tinnitus, and hearing loss." The appellant was hospitalized at the VAMC in Minneapolis, Minnesota, on March 21, 1991, and underwent a labyrinthectomy of the left ear on March 22, 1991.

A psychiatric evaluation by the VA dated January 2, 1992, detailed the appellant's military experiences, including his assignment to the 410th Bomb Squadron and his capture by the Germans. A VA protocol examination conducted on January 7, 1992, noted bilateral hearing aids and diagnosed the appellant with Meniere's disease. An audiological examination performed January 7, 1992, found mild-to-moderately severe sensorineural loss across all frequencies in the right ear and "no measurable hearing" in the left ear. During this examination, the appellant estimated the onset of his hearing loss to be in the 1960s. In a rating decision dated February 14, 1992, the regional office (RO) denied the appellant's claim for, inter alia, hearing loss and Meniere's disease, stating that this disability was not incurred in service and did not manifest itself until many years after discharge from service. On March 31, 1992, the appellant filed a Notice of Disagreement with the portion of the February 1992 decision which denied service connection for hearing loss. In a VA Form 1–9, Appeal to the BVA, dated June 9, 1992, the appellant, alleging that his hearing loss stemmed from combat during World War II, stated:

I made sixteen combat missions over Europe and was exposed to the firing of 50 calibre machine gun noise in the plane and also to the flak explosions.... On March 8, 1944 we were shot down. A 20 mm shell exploded within a foot of me and my radioman and we were both wounded from this shell. The day we were shot down our plane went into a power dive and dropped from 2800 feet to 3500 feet [sic] which popped the ear drums from the pressure changes.

These times that I was in combat plus the months that we were in training we were exposed to many hours of noise from the firing of 30 calibre and 50 calibre guns, plus the noise of the plane engines which we should have had protection from hearing loss but didn't.

In a decision dated May 7, 1993, the BVA affirmed the denial of the appellant's claim for entitlement to service connection for a bilateral hearing loss disability. After finding that the earliest medical evidence of hearing loss was too remote from service to warrant service connection and that the appellant's current condition may not be related to service without resort to speculation, the Board concluded that a bilateral hearing loss disability was not incurred in or aggravated by active service.

## II. ANALYSIS

■ The determination whether a claim is well grounded is a matter of law which this Court determines de novo. See Grottveit v. Brown, 5 Vet.App. 91, 92 (1993). Section 5107(a) of title 38 of the United States Code provides that "a person who submits a claim for benefits under a law administered by the Secretary shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded." 38 U.S.C. § 5107(a); see Tirpak v. Derwinski, 2 Vet.App. 609, 611 (1992). In Murphy v. Derwinski, 1 Vet.App. 78, 81 (1990), this Court defined a well-grounded claim as "a plausible claim, one which is meritorious on its own or capable of substantiation. Such a claim need not be conclusive but only possible to satisfy the initial burden of § [5107(a) ]." Where the

determinative issue involves either medical causation or a medical diagnosis, competent medical evidence is required to fulfill the well-grounded claim requirement of 38 U.S.C. § 5107(a); lay testimony, itself, will not satisfy this burden. Grottveit, 5 Vet.App. at 93; Espiritu v. Derwinski, 2 Vet.App. 492 (1992). If the claimant fails to submit such supportive evidence, the claim is not well grounded and the VA has no duty to assist the appellant in developing his claim or, for that matter, to adjudicate the claim. See 38 U.S.C. § 5107(a); Grottveit, supra.

■ Upon reviewing the evidence of record, the Court finds that there is no medical evidence that the appellant's hearing loss is a separate condition from his Meniere's disease. It is noted that the appellant did not file a claim for hearing loss until August 1991, at which time there were several VA examinations in the record linking the appellant's hearing loss with his Meniere's disease, first diagnosed in 1983. While there is no medical evidence in the record that the appellant suffers from hearing loss as a result of his combat experience, a medical report dated in March 1991 diagnosed the appellant with a "classic Meniere's triad of incapacitating vertigo, tinnitus, and hearing loss." Because a lay person is not competent to offer evidence that requires medical knowledge, the appellant's assertion that the cause of his hearing loss was combat is not competent evidence of medical causation and is therefore insufficient to render his claim well grounded under section 5107(a). See Grivois v. Brown, 6 Vet.App. 136, 140 (1994) (quoting Espiritu, 2 Vet.App. at 494). Thus, given the lack of medical evidence to support the appellant's contention as to the cause of his hearing loss, the Court holds that his claim is not well grounded.

## III. CONCLUSION

Upon consideration of the record, the Secretary's motion, and the appellant's brief, and in light of the law concerning the finality of BVA and RO decisions, the Court holds that the appellant has not submitted a well-grounded claim. Therefore, the May 7, 1993, decision of the Board is vacated under 38 U.S.C. § 7261(a)(3)(C), and the matter is re-

manded under the authority of 38 U.S.C. § 7252(a) with directions to vacate the February 1992 RO decision as to the appellant's claim for hearing loss. *Grottveit*, 5 Vet.App. at 93. In this manner, the Court is allowing the "appellant to begin, if he can, on a clean slate." *Id.*

Accordingly, the Secretary's motion to vacate is granted, his motion for summary affirmance is denied, and the May 7, 1993, decision of the BVA is VACATED and REMANDED.