**Kenneth G. FRANZEN, Appellant,**

**v.**

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 93–405.

United States Court of Veterans Appeals.

July 9, 1996.

Jeffrey Wood, York, PA, was on the brief for appellant.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; David W. Engel, Deputy Assistant General Counsel; and John D. Lindsay, Jr., Washington, DC, were on the brief for appellee.

Before NEBEKER, Chief Judge, and FARLEY and STEINBERG, Judges.

NEBEKER, Chief Judge:

The appellant, Kenneth G. Franzen, appeals a February 5, 1993, decision of the Board of Veterans' Appeals (BVA or Board) denying service connection for defective hearing and a punctured right eardrum. On October 16, 1995, this Court ordered the Secretary to file a supplemental memorandum addressing the applicability of 38 U.S.C. § 5103(a) and *Robinette v. Brown,* 8 Vet.App. 69 (1995), to this case. The Secretary filed a supplemental memorandum, and the appellant filed a response. After consideration of the record on appeal and the briefs and the supplemental memoranda of the parties, we will vacate the decision and remand the matter for further proceedings consistent with this opinion.

## I. FACTS

The appellant served on active duty in the United States Navy from September 19, 1946, to May 2, 1950. Record (R.) at 51, 52.

His induction physical noted 15/15 hearing along with "normal" conditions, which included the eardrum, in both ears. R. at 13.

On November 20, 1946, the appellant entered the hospital for a condition in his right ear diagnosed as "Otitis Media, Acute." R. at 20. (Otitis media is "an inflammation of the middle ear marked by pain, fever, dizziness, and abnormalities of hearing.") WEBSTER'S MEDICAL DESK DICTIONARY 503 (1986). His service medical records (SMRs) detailed that he had had an earache in his right ear for four days with a yellowish discharge from the ear, a red, swollen ear canal, and a red, non-bulging eardrum. R. at 20. Five days later, the SMRs noted that the appellant was asymptomatic, without a fever, with the swelling subsided, and a normal eardrum. *Ibid.* He was discharged from the hospital as fit for duty. *Ibid.* The appellant's SMRs contain no further references to any ear problems or complaints. R. at 21–30.

The appellant's separation physical examination revealed no perforation in either eardrum. R. at 38. His hearing tested at 15/15 in both spoken and whispered voice measurements. *Ibid.* The remarks section listed his hospitalization for otitis media, but otherwise there were no comments regarding the condition of his ears at the time of separation. R. at 39.

On May 20, 1991, a private physician tested the appellant's hearing, and found the following:

| | 250 | 500 | 1000 | 2000 | 3000 | 4000 | frequency |
|---|---|---|---|---|---|---|---|
| Right | 0 | 15 | 10 | 30 | 35 | 40 | dB |
| Left | 0 | 0 | 15 | 15 | 10 | 30 | dB |

R. at 46. There were no remarks of any kind attached to the report in the record. The examination did not reveal if his right eardrum was either punctured or whole.

The appellant submitted a claim dated July 31, 1991, for VA benefits for hearing loss in his right ear and a punctured eardrum. R. at 49–54. A rating decision by a VA regional office (RO), dated September 9, 1991, denied the appellant service connection for both claims. R. at 64. The decision noted that his hearing loss did not meet VA standards for recognizable hearing loss. R. at 65.

The appellant appealed that denial to the Board. In his appeal, he claimed that his hospital stay in November 1946 was the result of injuries sustained after jumping into a pool from a twenty-foot platform during boot camp training. R. at 70, 87. According to the appellant, he climbed out of the water, lost his equilibrium, and fell to the floor. *Ibid.* He was then taken to a Naval hospital where he was informed that he had a punctured eardrum along with an infection in his right ear. R. at 69–70, 87. He recalled that Navy doctors had told him that his "eardrum was punctured," that he had a "crooked [ear] canal" and that it "was hard to see anything [in his ear]." R. at 79, 87. He also claimed that throughout his military and civilian career he has had ear problems. He stated that on periodic flights during service his right ear would hurt so much that his eyes would water and his hearing would be impaired until his ear cleared, which was usually the next day. R. at 87, 88. He claimed that during civilian travel he had ear problems when he flew in a depressurized cabin, but not when the cabin was pressurized. R. at 88. The appellant further claimed that his SMRs were in error for not showing his punctured eardrum, and stated that it would be impossible for him to obtain affidavits from the doctors who treated him at the time of his injury. R. at 88. He also stated, "I have been told by doctors throughout the years that I have a lot of scar tissue in my right ear indicating a bad injury." R. at 89. The Board's decision on appeal followed.

## II. ANALYSIS

The BVA found that the appellant's claims for service connection for hearing loss and a punctured right eardrum were well grounded, but denied his claims. R. at 6–7. Whether a claim is well grounded is a matter of law that the Court determines de novo. *Shogren v. Brown,* 7 Vet.App. 14, 16 (1994); *Grottveit v. Brown,* 5 Vet.App. 91, 92 (1993). "[A] person who submits a claim for benefits under a law administered by the Secretary shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded." 38 U.S.C. § 5107(a). The Court has interpreted this burden to mean submitting a claim that is "a plausible claim, one

which is meritorious on its own or capable of substantiation. Such a claim need not be conclusive but only possible to satisfy the initial burden of § [5107(a) ].” *Shogren*, 7 Vet.App. at 16 (quoting *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990)). Where the determinative issue involves medical causation, competent medical evidence is required to fulfill the well-grounded-claim requirement of § 5107(a); lay testimony alone will not satisfy the burden. *Shogren*, 7 Vet.App. at 16. “If the claimant fails to submit such supportive evidence, the claim is not well grounded and ... VA has no duty to assist the appellant in developing his claim or, for that matter, to adjudicate the claim.” *Ibid.*

■ Upon review of the record, we find that the appellant has not submitted the required medical evidence for a well-grounded claim with regard to his hearing loss. “[I]mpaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater....” 38 C.F.R. § 3.385 (1995). The medical evidence consists of a private audiological examination and the SMRs. While the private examination report documents that the appellant does have some hearing loss (at the 4000 Hertz level, the threshold listed for his right ear is 40 decibels), it is completely silent as to the possibility of service connection. The only evidence in the record as to the cause of his hearing loss is the appellant’s assertion. Since this lay testimony is not competent evidence of medical causation, the BVA should have found the appellant’s hearing loss claim to be not well grounded. *Grottveit*, 5 Vet.App. at 93. Because this claim was not well grounded, VA did not have an obligation to assist the claimant under 38 U.S.C. § 5107(a) by providing an examination. *Ibid.*

■ We also find that the appellant failed to submit a well-grounded claim for a punctured eardrum. There is no medical evidence of record establishing that the appellant’s eardrum had been punctured. The appellant has asserted that Navy doctors, at the time of his diving incident, told him that he had a punctured eardrum. However, a statement about what a doctor told a lay claimant does not constitute the required medical evidence for a well-grounded claim. *Robinette*, 8 Vet.App. at 77.

■ Under 38 U.S.C. § 5103(a), “If a claimant’s application for benefits under the laws administered by the Secretary is incomplete, the Secretary shall notify the claimant of the evidence necessary to complete the application.” “[T]he nature and extent of [the Secretary’s § 5103(a) ] obligation will depend on what evidence VA in a particular case has advised the claimant is necessary to be submitted with a VA-benefits claim and what evidence he submitted or did not submit. *See* 38 U.S.C. §§ 5102, 7722(a) and (c).” *Robinette*, 8 Vet.App. at 79. In *Robinette*, this Court held that, because the Secretary was on notice that relevant evidence may have existed that, “if true, would have made the claim ‘plausible’ and that such evidence had not been submitted with the application,” the Secretary had a § 5103(a) duty to notify the appellant that the physician’s statement, not just a hearsay statement of what the doctor had said, was necessary to complete the application. *Id.* at 80. Here, the appellant had told VA that he was unable to obtain affidavits from Navy doctors who had treated him in November 1946. Where the claimant has indicated his inability to obtain a medical statement, section 5103(a) does not require VA to notify a claimant to obtain a document which is known to be unobtainable. We hold that there was no *Robinette* section 5103 duty in circumstances where the performance of that duty would be a futile act.

■ However, the appellant had also informed VA that he has been told by doctors over the years that he has a lot of scar tissue in his right ear indicating that he had suffered a bad injury. R. at 89. Because such evidence could serve to demonstrate present residuals of a punctured eardrum and link them to service, as in *Robinette*, VA had a duty to inform the appellant that that information would be necessary in making his claim for service connection well grounded. *Robinette*, 8 Vet.App. at 80.

## III.  CONCLUSION

Accordingly, the BVA's decision is VACATED and the matter is REMANDED to permit the appellant to obtain documentary proof of what he has related to VA respecting scar tissue in his right ear.