Citation Nr: 1508828 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 09-18 910 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Baltimore, Maryland


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: Robert Chisholm, Attorney


ATTORNEY FOR THE BOARD

A. Barner, Associate Counsel



INTRODUCTION

The Veteran served on active duty from August 1963 to September 1975. 

This matter initially came before the Board of Veterans' Appeals (Board) from a rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) in Baltimore, Maryland.

In an October 2013 Board decision several issues were considered, some granted some denied. The Board did not enter a decision on the TDIU issue, noting that the Veteran had retired, that he had not raised the issue, and the Board did not find the issue had otherwise been raised by the record.

A May 2014 Court of Appeals for Veterans' Claims (CAVC) Order vacated an October 2013 Board decision that TDIU was not before the Board, and adopted a Joint Motion for Remand (JMR) for consideration of this issue. The remainder of that decision was not affected.


FINDING OF FACT

The Veteran's service-connected disabilities, involving the knees, heart, and associated disabilities have met the percentage requirements for the award of a schedular TDIU. He now has a combined 90 percent disability rating. The record now contains competent opinion evidence of record indicates that the nature and severity of these disabilities prevent him from obtaining and retaining substantially gainful employment consistent with his educational background and work experience.



CONCLUSION OF LAW

Resolving all reasonable doubt in the Veteran's favor, the criteria for a TDIU have been met. 38 U.S.C.A. §§ 1155, 5107(b) (West 2014); 38 C.F.R. §§ 3.340, 3.341, 4.16, 4.19 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Given the favorable disposition of the claim for a TDIU on appeal, the Board finds that all notification and development action needed to fairly adjudicate this appeal has been accomplished. 

A May 2014 CAVC Order adopted a JMR in which it was determined that the record raised the issue of entitlement to a TDIU. One examiner wrote that the Appellant's "occupational base" is restricted due to his knee problems and that his knees cause difficulty with prolonged standing, walking stairs, kneeling and squatting. Hence, the record could be interpreted as raising the issue of a total disability rating based on individual unemployability (TDIU). As discussed below, since the CAVC remanded the claim, in September 2014 the Veteran had an individual unemployability assessment completed, and the findings support his claim. As such, the competent evidence is at the very least, in equipoise as to this issue, and TDIU is warranted. 

Pertinent law provides that TDIU may be assigned where the schedular rating is less than total and the person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. 38 C.F.R. §§ 4.15, 4.16 (2014). Consideration may be given to a veteran's level of education, special training and previous work experience in arriving at a conclusion, but not to his age or to the impairment caused by nonservice-connected disabilities. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 3.340, 3.341, 4.16, 4.19 (2014). 

TDIU may be awarded if a veteran meets certain schedular criteria as enumerated in 38 C.F.R. § 4.16(a); it may also be warranted on an extra-schedular basis if these criteria are not met. 38 C.F.R. § 4.16(b). Entitlement on the latter basis requires the Board to first determine whether referral to the Director of the Compensation and Pension Service is warranted because the Board is prohibited from assigning a disability rating on an extra-schedular basis in the first instance. Id.; see also Bagwell v. Brown, 9 Vet. App. 237, 238-39 (1996). Here, such determination is not necessary because the Veteran meets the schedular percentage requirements described in 38 C.F.R. § 4.16(a). Namely, the following disabilities are service-connected: right and left knee disabilities, coronary artery disease, a scar associated with a coronary artery bypass graft, hemorrhoids, right urethral calculus, left inguinal herniorraphy, left wrist ganglion, and hypertension. The combined rating of these disabilities is 90 percent since October 27, 2005, and the bilateral factor is considered for the disabilities of the knees. See 38 C.F.R. §§ 4.16(a), 4.25, 4.26 (disabilities resulting from common etiology will be considered as one disability).

In September 2014 the Veteran had a private unemployability assessment by C. Barchi, M. Ed. CDMS, independent vocational consultant and expert, wherein his claims folder was reviewed and he was interviewed. The resulting report emphasized that the Veteran had worked for years in the Federal Civil Service, and retired due to problems with his knees. Mr. Barchi indicated that the Veteran's former employer accommodated the Veteran with a "light duty" job to assist him in reaching the age requirement for retirement. Mr. Barchi indicated that the Veteran had career growth options when he was "forced" to retire prematurely at age 55 due to knee problems. The examiner reported that the Veteran suffered a myocardial infarction in 2000, but this merely added to his already-established total unemployability. 

Mr. Barchi reviewed all the evidence of record, including medical exams, work history, and hearing testimony. There were references to impairment caused by knee impairment over the years, and further complicated by cardiovascular impairment. It was concluded that the Veteran was precluded from employment due to this issues. The reviewer's opinion goes into some detail on these matters.

Mr. Barchi considered the Veteran's work as a part-time bartender in 1976, followed by a 23 year work history in the Federal Civil Service, and his early retirement at age 55. Following retirement the Veteran experienced a myocardial infarction, underwent cardiac bypass surgery in 2000, and had several stents placed during 2000-2001. Mr. Barchi indicated that cardiac-related fatigue after 2000 further limited the Veteran's employability. 

Mr. Barchi included his curriculum vitae, and referenced his professional knowledge and background as a vocational specialist for over thirty years in formulating this opinion. 

It is VA's defined and consistently applied policy to administer the law under a broad interpretation, consistent, however, with the facts shown in every case. When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant. By reasonable doubt it is meant that an approximate balance of positive and negative evidence exists which does not satisfactorily prove or disprove the claim. It is a substantial doubt and one within the range of probability as distinguished from pure speculation or remote possibility. See 38 U.S.C.A. § 5107(b) (West 2014); 38 C.F.R. § 3.102 (2014).

Here, the record contains evidence that the Veteran's service-connected are of sufficient severity to preclude any type of physical labor or gainful employment. The evidence is in equipoise as to the Veteran's ability to engage in sedentary employment, such that resolving reasonable doubt in the Veteran's favor, the Board finds that he is also unable to engage in sedentary employment due to his service-connected knee disabilities. 

Therefore, affording all reasonable doubt in favor of the Veteran, the Board is satisfied that the competent and probative evidence demonstrates that his service-connected disabilities render him unemployable, and as such, the Board concludes that entitlement to TDIU has been established and his appeal is granted. 38 C.F.R. § 4.16. 


ORDER

Entitlement to a TDIU is granted, subject to the law and regulations governing the award of monetary benefits.


____________________________________________
MICHAEL D. LYON 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs