http://www.va.gov/vetapp16/Files6/1644928.txt

Citation Nr: 1644928 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 11-14 926 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia

THE ISSUE

Entitlement to an evaluation in excess of 10 percent for service-connected left ear hearing loss, to include on an extraschedular basis. 

REPRESENTATION

Veteran represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

Scott W. Dale, Counsel

INTRODUCTION

The Veteran served on active duty from September 1956 to July 1959.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia, which denied the Veteran's claim for an increased rating for left ear hearing loss. The Veteran expressed timely disagreement with that decision, and the present appeal ensued. 

On his May 2011 substantive appeal, the Veteran requested to participate in a videoconference hearing conducted by a member of the Board. However, in subsequent statements, the Veteran and his representative asserted that he no longer wished to participate in such a hearing. Neither the Veteran nor his representative has made a later request to reschedule a hearing, and thus, the prior hearing requests are deemed withdrawn. See 38 C.F.R. § 20.704 (d) (2016). 

In November 2013, the Board issued a decision denying this issue, and the Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (the Court). In a November 2014 memorandum decision, the Court vacated the Board's November 2013 decision and remanded the issue to the Board for further appellate consideration. 

In an April 2015 decision, the Board, again, denied the Veteran's appeal for an evaluation in excess of 10 percent for service-connected left ear hearing loss. The Veteran appealed this decision to the Court, who, in a June 2016 memorandum decision, vacated the Board's denial and remanded the appeal to the Board with instructions for further appellate consideration. The Veteran's appeal has been returned to the Board. 

Additional notes

During the pendency of the Veteran's appeal, he has also filed a claim to establish service connection for right ear hearing loss. As noted by the Board and the Court on previous occasions, this issue is intertwined with the current appeal, as pertinent VA law provides distinct ways of evaluating bilateral and unilateral hearing loss. As per the Court's November 2014 memorandum decision, the Board properly referred, rather than remanded, this claim to the Veterans Benefits Administration (VBA) in the November 2013 Board decision, as development and adjudication in the first instance had not, at that time, been undertaken. 

Consequent to the Board's referral in the November 2013 decision, the RO denied the Veteran's claim to establish service connection for a right ear hearing loss disability in a December 2013 rating decision. Neither the Veteran nor his representative has expressed timely disagreement with this determination. Archbold v. Brown, 9 Vet. App. 124, 130 (1996) (pursuant to 38 U.S.C.A. § 7105 (a), the filing of a notice of disagreement initiates appellate review in the VA administrative adjudication process, and the request for appellate review is completed by the claimant's filing of a substantive appeal after a statement of the case is issued by VA). As such, the December 2013 denial became final, and the Veteran has not filed a petition to reopen this previously-denied claim. 

In light of above, the issue of entitlement to service connection for a right ear hearing loss disability is not under the Board's jurisdiction, and the issue currently on appeal will be evaluated under the VA law pertaining to unilateral hearing loss.

Additionally, as will be discussed further below, in its June 2014 memorandum decision, the Court noted that the Veteran does not allege error in the Board's analysis and adjudication of the Veteran's appeal on a schedular basis in the April 2015 decision, and thus, the Court did not consider whether such an error was present. Nonetheless, the Court vacated and remanded the entirety of the Board's April 2015 decision, to include the schedular analysis. While the Board has considered bifurcating the issue on appeal - adjudicating the Veteran's appeal on a schedular basis and handling the extraschedular considerations as per the Court's June 2016 memorandum decision - to avoid the "undesirable specter" of piecemeal litigation, the Board will preserve the issue as stated on the title page of this decision.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.

REMAND

In vacating the Board's April 2015 decision, the Court held that the Board's analysis of whether the Veteran's left ear hearing loss symptoms where adequately contemplated by the rating criteria of 38 C.F.R. §§ 4.85, 4.86, and Diagnostic Code 6100, was conclusory and inadequate under the holding of Thun v. Peake, 22 Vet. App. 111 (2008). More specifically, the Court noted that the holding in Martinak v. Nicholson, 21 Vet. App. 447, 453-4 (2007), provides that the regulation for an extraschedular analysis, 38 C.F.R. § 3.321(b), is unlike the rating criteria for a hearing loss disability, as the former does not rely exclusively on objective test results to determine whether a referral for an extraschedular rating is warranted. The Court went on point out that the Veteran reported left ear hearing loss symptoms that the Board should consider and discuss when contemplating whether referral for an extraschedular evaluation is warranted, such as his asserted inability to localize sounds or hear and carry on conversations.

In light of the Court's concerns and the evidence listed above, the Board concludes that this appeal must be referred for extraschedular consideration. The Board is precluded from assigning an extraschedular evaluation in the first instance but, instead, must refer this issue to the appropriate authority for this special consideration. See Bagwell v. Brown, 9 Vet. App. 237, 238-9 (1996); Floyd v. Brown, 9 Vet. App. 88, 96 (1996); Shipwash v. Brown, 8 Vet. App. 218, 227 (1995); and VAOPGCPREC 6-96 (August 16, 1996). Rather, as the Court explained, upon determining the Veteran is entitled to this special consideration, the appropriate disposition is to refer this matter to the Under Secretary for Benefits or the Director of Compensation Service, as VBA has not undertaken this step during the initial development and adjudication of the appeal. 

As noted in the Introduction, the Veteran's appeal for an evaluation in excess of 10 percent for a service-connected left ear hearing loss disability remain on appeal, in total - on schedular and extraschedular bases. The Board notes that most recent VA audiological examination and treatment records associated with the file are dated in August 2013 - more than three years ago. As such, it is encouraged to obtain updated VA treatment records and a VA audiological examination to accurately gauge the past and present severity of the Veteran's left ear hearing loss disability, as well as the symptoms associated with it that may not be considered in schedular rating criteria. See Martinak, supra; see also Chotta v. Peake, 22 Vet. App. 80 (2008) (noting that a duty to assist may include development of medical evidence through a retrospective medical evaluation where ... through a retrospective medical evaluation where there is a lack of medical evidence for the time period being rated). 

Accordingly, the case is REMANDED for the following actions:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain copies of all VA treatment records from the VAMC in Atlanta, Georgia, and all associated outpatient clinics, dated from August 2013 to the present. Document all attempts to secure this evidence in the claims file. If, after making reasonable efforts to obtain named records the Agency of Original Jurisdiction is unable to secure same, notify the Veteran and (a) identify the specific unavailable records; (b) briefly explain the efforts made to obtain those records; and (c) describe any further action to be taken with respect to the claim. 

2. Provide the Veteran with a VA audiological examination to reassess the severity of his service-connected left ear hearing loss disability, especially in terms of hearing loss symptoms that are not contemplated by the rating criteria provided at 38 C.F.R. §§ 4.85, 4.86, and Diagnostic Code 6100. To assist in making this determination, have the designated audiologist review the claims file for the pertinent medical and other history. The examiner must discuss the medical rationale of all opinions expressed. In the present case, these symptoms must be fully discussed contemporaneously and retrospectively. See Chotta v. Peake, 22 Vet. App. 80 (2008). 

The Veteran is hereby advised that, failure to report for this scheduled VA examination, without good cause, may have detrimental consequences to his pending appeal. 

3. Thereafter, as the Court has directed, refer this issue to the Under Secretary for Benefits or the Director of Compensation Service for consideration of whether the Veteran is entitled to an evaluation in excess of 10 percent for his service-connected left ear hearing loss disability on an extraschedular basis under the provisions of 38 C.F.R. § 3.321 (b)(1). See also Thun v. Peake, 22 Vet. App. 111 (2008). 

4. If, after this referral and special consideration, an increased evaluation is not granted to the Veteran's satisfaction, send him and his representative a supplemental statement of the case and give them an opportunity to submit additional evidence and/or argument in response before returning the file to the Board for further appellate consideration of this appeal.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This appeal must be afforded expeditious treatment. The law requires that all appeals that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
KELLI A. KORDICH
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).